**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LEE A. MCDONALD,
        Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,
        Agency.

DOCKET NUMBER
CH-0841-22-0286-I-1

DATE: June 11, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lee A. McDonald</u>, Crown Point, Indiana, pro se.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his request to change his deferred annuity commencing date.[2] For

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] OPM uses the terms "commencing date" and "commencement date" interchangeable. *E.g.*, Initial Appeal File, Tab 13 at 6-7. For clarity, we have used the term

the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision and OPM's reconsideration decision, and ORDER OPM to change the appellant's deferred annuity commencing date to May 1, 2015, and to retroactively recalculate the appellant's annuity based on that commencing date.

## BACKGROUND

The appellant separated from Federal service in 1997 at 43 years of age with over 10 years of creditable service under the Federal Employees' Retirement System. Initial Appeal File (IAF), Tab 13 at 42-50. In July 2020, at age 67, he applied for deferred retirement benefits with OPM. *Id.* at 36-41. In his application, he designated May 1, 2009, a date on which he was 56 years of age, as the date he wanted benefits to begin accruing. *Id.* at 40. Based on his application, OPM awarded the appellant an annuity in April 2021 retroactive to a May 1, 2009 commencing date. *Id.* at 32-35. The appellant then contacted OPM to challenge, among other things, his annuity's commencing date. *Id.* at 22-28. He alleged that he filed a second retirement application in September 2020 amending the commencing date to May 1, 2015, a date on which he was 62 years old. *Id.* at 17-23. OPM issued a reconsideration decision declining to change the commencing date. *Id.* at 6-7. The appellant appealed the reconsideration decision to the Board. IAF, Tab 1.

The administrative judge affirmed OPM's reconsideration decision in her initial decision, finding that, even if OPM received the appellant's September 2020 application, OPM correctly designated May 1, 2009, as his annuity commencing date. IAF, Tab 23, Initial Decision (ID). She specifically determined that 5 U.S.C. § 8413(b) prohibited the commencement of the appellant's annuity on May 1, 2015, a date after his 62nd birthday. ID at 6. She found that, under 5 U.S.C. § 8413(b), OPM was correct to set the appellant's

---

"commencing date" throughout our decision.

benefits to commence on May 1, 2009, by which date he had attained his minimum retirement age (MRA) of 56 but had not yet turned age 62. ID at 4, 6. She also found that 5 C.F.R. § 842.212(b)(4), which states that the election of a commencing date "becomes irrevocable when OPM authorizes the first annuity payment," prevented OPM from amending the appellant's annuity commencing date after it authorized his first payment in April 2021. ID at 6.

The appellant has filed a petition for review, and the agency has submitted a pro forma response. Petition for Review (PFR) File, Tabs 1, 4. The appellant has filed a reply. PFR File, Tab 5.

## ANALYSIS

<u>The appellant is entitled to a deferred annuity with a May 1, 2015 commencing date.</u>

In relevant part, 5 U.S.C. § 8413(a) provides that an employee separated after completing 5 years of Federal service is entitled to an annuity after age 62. Meanwhile, 5 U.S.C. § 8413(b) provides that an employee separated after completing 10 years of service but before attaining his MRA may select an annuity commencing date between his MRA and the date he turns 62 years old. 5 U.S.C. § 8413(b)(1). But under 5 U.S.C. § 8413(b)(2)(B), the election of an annuity under "this subsection," i.e., 5 U.S.C. § 8413(b), is not effective unless the employee "will not otherwise be eligible to receive an annuity within 31 days after filing the election."

It is undisputed that the appellant filed an application for a deferred annuity in July 2020. IAF, Tab 13 at 6, 10. Though the appellant had 10 years of creditable service and elected an annuity commencing on his MRA—56 years of age—in that application, 5 U.S.C. § 8412(h)(1)(C), he filed that application when he was 67 years old. *Id.* at 40. Because the appellant had completed over 5 years of credible service and attained age 62 when he filed his July 2020 application, he was eligible when he filed that application to receive an annuity under 5 U.S.C.

§ 8413(a), and thus his election of an annuity under 5 U.S.C. § 8413(b)—including the May 1, 2009 commencing date—was not effective under 5 U.S.C. § 8413(b)(2). In other words, because the appellant was already entitled to an annuity under 5 U.S.C. § 8413(a) beginning at age 62 at the time of his July 2020 application, under 5 U.S.C. § 8413(b)(2), no designation of a commencing date before age 62 in that application could have been effective.

Under 5 C.F.R. § 842.212, the regulation promulgated to implement 5 U.S.C. § 8413, the appellant's annuity should have begun on the first day of the month after he attained age 62, i.e., May 1, 2015. 5 C.F.R. § 842.212(a); IAF, Tab 13 at 42. In explaining this regulation, OPM expressed its intent to ensure that, consistent with 5 U.S.C. § 8413(b), "an annuity cannot commence before the first day of the month after attainment of the minimum retirement age." Federal Employees Retirement System—Basic Annuity; Eligibility Requirements and Basic Annuity Computation, 52 Fed. Reg. 4472-01, 4472-73, 4475 (Feb. 11, 1987). We thus reverse the administrative judge's initial decision and OPM's reconsideration decision, which both erroneously determined the May 1, 2009 commencing date to be correct.

## ORDER

We ORDER OPM to change the appellant's deferred annuity commencing date to May 1, 2015, and to retroactively recalculate the appellant's annuity based on that commencing date. OPM must complete this action no later than 20 days after the date of this decision.

We further ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

This is the final decision of the Merit Systems Protection Board in this appeal. 5 C.F.R. § 1201.113(c).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                   _____

Gina K. Grippando

Gina K. Grippando
Clerk of the Board

Washington, D.C.